## OHIO LEATHER CO v DE CHANT et

Ohio Common Pleas, Trumbull Co

Decided March 19, 1937

188

Harrington, Huxley & Smith, Youngstown, for plaintiff.

Wm. G. La Velle, for defendant.

## OPINION

By GRIFFITH and McVICKER, JJ.

The Ohio Leather Company brings this action against numerous employees, or former employees of the plaintiff, seeking relief from a sit-down strike in its plant, at Girard, Ohio, which has been in progress since Monday noon of this week.

The plaintiff company is engaged in the business of manufacturing leather. It alleges in its petition that it has an investment in land, buildings and machinery of $1,790,000.00; and inventories and quantities of leather in the process of manufacture, which are of an extremely perishable nature, of the approximate value of $1,500,000.00; and that the defendants have deprived the plaintiff of this property in the conduct of said leather manufacturing business; and that the defendants are now in possession of the plaintiff's property; and, by threats of violence, are depriving the plaintiff of the use and possession of its plant.

The plaintiff further alleges, in its petition, which is verified positively, that this unlawful seizure will cause irreparable injury and damage by the total loss of a large quantity of leather now in the process of manufacture, which is in a perishable state; that the defendants have intimidated a large number of the employees, preventing them, by force, from performing their usual work; that plaintiff is suffering irreparable damage by the acts of these defendants, owing to lack of financial responsibility on the part of many of the defendants; and prays for an order, requiring the defendants to immediately vacate the premises, for a preliminary injunction restraining the defendants from occupying their property, and, upon final hearing, the injunction may be made perpetual.

Upon the filing of this petition Wednesday afternoon, this court refused to grant the temporary order prayed for, but issued an alternative writ to these defendants to vacate said premises or to appear in this court at 1:30 o'clock Thursday afternoon, to show cause why the injunctive relief prayed for should not be granted.

The question to be determined by this court is: Whether the conduct of these defendants is an invasion of any legal rights of the plaintiff; and, if so, whether or not the court should intervene, to restrain such conduct?

Peaceful picketing has been held lawful by this court, but, if the picketing is accompanied by physical violence, abuse, intimidation, or any form of coercion, or duress, then it goes beyond the limitation of picketing; and is the proper subject matter for the intervention of the court.

In the instant case, the defendants are in physical possession of the plaintiff's property, for the purpose of settling a dispute as between these defendants and the plaintiff company. Because the dispute is not settled, and agreement had, the defendants are retaining possession of the plaintiff's property.

The defendants are in possession because of their employment, because they had daily work in the plaintiff's plant.

Can it be said that the positions of employment of these defendants carry with them the right to possession of their employer's plant?

Manifestly the defendants have no vested claim to the plant, nor to the right to occupy it because they had jobs therein.

Their positions of employment do not carry with them the right to ▮▮▮▮ the property in which they work; and they are asserting a property right as against the plaintiff, when they possess the property.

Ownership of property, without the right of possession thereof, is an empty sham.

It seems to this court that such a line of reasoning can lead to only one inevitable conclusion, to-wit: The abolition of the right to property.

May these defendants seize and appropriate three million dollars worth of property of the plaintiff, and prevent any use of the property by the plaintiff?

Whatever the greivances may be, this court cannot permit seizure of another's property by force, or by threats of violence.

These defendants have a right to strike; this is a property right which the defendants have, and which this court is bound to respect and protect, and which this court has protected in the past.

In like manner, this court is ▮▮▮▮ bound to protect the plaintiff in its lawful use of its property.

It is a right granted by the Constitution of the United States, and the Constitution of this state. The law requires this, and it is the duty of the court to grant it.

If a person, or a group of persons take possession of the property of another, that person or group should be in a position, at

all times, to show a legal right to take such possession, and to hold it, to the exclusion of the admitted owner.

The plaintiff in this case has a right to the immediate possession of its property, and, for this reason, the writ may issue as prayed for.